United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-00528 |
| CHASE FOREMAN | § | |
| and | § | |
| NORMAN NARCISSE | § | |
| and | § | |
| DEREK WILLIAM HUNT | § | |
| and | § | |
| GREGORY GOUDEAU | § | |
| and | § | |
| CHRISTOPHER GONZALEZ | § | |
| and | § | |
| VICTOR MALCOLM BROWN | § | |
| and | § | |
| VICTOR BROWN | § | |
| and | § | |
| ZACHARY BRETT CRUSE | § | |
| and | § | |
| MANUEL RODRIGUEZ | § | |
| and | § | |
| JESSE SHAW | § | |
| and | § | |
| US TRUSTEE, 7 | § | |
| | § | |
| | § | |
| | § | |

# MEMORANDUM OPINION AND ORDER
*Resolving ECF No. 1*

  Pending before the Court is its Order for Chase Foreman to show cause as to how he has not (i) engaged in the unauthorized practice of law; (ii) violated the Federal Rules of Bankruptcy Procedure, including but not limited to, Bankruptcy Rule 9010; (iii) violated Bankruptcy Local Rules promulgated by the United States Bankruptcy Court for the Southern District of Texas; (iv) violated the laws of the Texas, as found in chapter 81 of the Texas Government Code in assisting Derek Hunt, Gregory Goudeau, Christopher Gonzalez, Norman Narcisse, Victor Brown, Zachary Cruse, Manuel Rodriguez, and Jesse Shaw in filing of chapter 7 bankruptcy petitions.[1]

  For the reasons set forth *infra*, the Court finds Chase Foreman served as bankruptcy petition preparer as defined in 11 U.S.C. § 110(a)(1) with respect to the bankruptcy petition prepared for Norman Narcisse in case no. 22-33899. The Court finds that Chase Foreman did not act as a

---

[1] ECF No. 1.

bankruptcy petition preparer for Derek Hunt in case no. 22-33590, Gregory Goudeau in case no. 22-33893, Christopher Gonzalez in case no. 22-33897, Victor Brown in case no. 23-30409, Zachary Cruse in case no. 23-30411, Manuel Rodriguez in case no. 23-30760, or Jesse Shaw in case no. 23-31617.

## I.   BACKGROUND

1. The present matter began on December 30, 2022, when Norman Narcisse ("*Narcisse*") filed his voluntary chapter 7 petition in the Southern District of Texas, Houston Division in Case No. 22-33899.[2] Narcisse filed his petition pro se.

2. On March 1, 2023, this Court held a status conference during which it was revealed that Narcisse had been solicited by and received help in filing his petition from a certain Mr. Chase Foreman ("*Foreman*").[3]

3. Following the hearing on March 1, 2023, this Court issued a show cause order for Foreman to appear before this Court in person in Houston, Texas ("*Initial Show Cause Hearing*").[4] Foreman was ordered to show cause as to why: he had not (i) engaged in the unauthorized practice of law; (ii) violated the Federal Rules of Bankruptcy Procedure, including but not limited to, Bankruptcy Rule 9010; (iii) violated Bankruptcy Local Rules promulgated by the United States Bankruptcy Court for the Southern District of Texas; (iv) violated the laws of the Texas, as found in chapter 81 of the Texas Government Code in assisting Narcisse in filing of a chapter 7 bankruptcy petition.[5]

4. On June 12, 2023, the Initial Show Cause Hearing was held. Among other things, it was revealed that Foreman contacted Narcisse after finding his name in a list of pending local foreclosures. Foreman initially offered to buy Narcisse's home and later provided Narcisse with the pertinent forms to file bankruptcy. Foreman is not an attorney.[6]

5. On June 12, 2023, this Court entered an order that, inter alia, terminated all written or oral agreements between Foreman and Narcisse and prohibited Foreman from assisting or encouraging any individuals in the McAllen, Brownsville and Houston Divisions in which this Court presided, to file bankruptcy or assisting in the preparation of any bankruptcy filings, or engaging in the unauthorized practice of law.[7]

6. Pursuant to this Court's Order, on June 20, 2023, Foreman filed an additional disclosure listing seven more cases in which he assisted debtors in filing pro se bankruptcy petitions.[8] Of these seven cases, only Case No. 23-31617, filed by Jesse Shaw on May 1, 2023, remained open.[9]

---

[2] Bankr. 22-33899, ECF No. 1.
[3] Bankr. 22-33899, March 1, 2023 Min. Entry.
[4] Bankr. 22-33899, ECF No. 20.
[5] *Id.*
[6] Bankr. 22-33899, June 12, 2023 Min. Entry.
[7] Bankr. 22-33899, ECF No. 34.
[8] *Id.* at ECF No. 38.
[9] Bankr. 22-33899, ECF No. 38.

The other six cases had all been previously closed. These cases are: (1) Case No. 22- 33590, filed by Derek Hunt on December 5, 2022; (2) Case No. 22-33893, filed by Gregory Goudeau on December 30, 2022; (3) Case No. 22-33897, filed by Christopher Gonzalez on December 30, 2022; (4) Case No. 23-30409, filed by Victor Brown on February 6, 2023; (5) Case No. 23-30411, filed by Zachary Cruse on February 6, 2023; and (6) Case No. 23-30760, filed by Manuel Rodriguez on March 6, 2023 ("together with Narcisse, "*Debtors*"). To better facilitate and resolve the growing number of proceedings involving Foreman across multiple divisions in this district, this Court finds cause to re-open the closed bankruptcy cases and create this miscellaneous proceeding to consolidate the matters currently pending, and any other matters that may come before this Court, concerning Foreman (the "*Miscellaneous Proceeding*").

7. On August 21, 2023 the Court held a final Show Cause Hearing in this Miscellaneous Proceeding ("*Final Show Cause Hearing*").

## II.     JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[10] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[11] While claims under 11 U.S.C. § 110 are not enumerated core proceedings under 28 U.S.C. § 157, they invoke substantive rights established by the Bankruptcy Code.[12] Therefore, the instant proceedings are core.

Furthermore, this Court may only hear a case in which venue is proper.[13] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Each of the debtors reside within the Southern District of Texas and therefore, venue of this proceeding is proper.

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[14] The bankruptcy petition preparer show cause matter pending before this invokes substantive rights established by the Bankruptcy Code.[15] Accordingly, this Court concludes that the narrow limitation imposed by *Stern*

---

[10] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[11] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[12] *In re Bascus*, 548 B.R. 742, 745 (Bankr. S.D. Tex. 2016) ("While claims under 11 U.S.C. §§ 110 and 526-528 are not enumerated core proceedings under 28 U.S.C. § 157, they invoke substantive rights established by the Bankruptcy Code."); *In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009) ("Core proceedings are those that invoke a substantive right provided by title 11") (internal quotations omitted); *In re Harrelson*, 537 B.R. 16, 27 (M.D. Ala. 2015); *In re Kohlenberg*, 2012 Bankr. LEXIS 3822, 2012 WL 3292854 (N.D. Ohio Aug. 10, 2012).
[13] 28 U.S.C. § 1408.
[14] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).
[15] *In re Bascus*, 548 B.R. 742, 745 (Bankr. S.D. Tex. 2016) ("While claims under 11 U.S.C. §§ 110 and 526-528 are not enumerated core proceedings under 28 U.S.C. § 157, they invoke substantive rights established by the Bankruptcy Code."); *In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009) ("Core proceedings are those that invoke a substantive right provided by title 11") (internal quotations omitted); *In re Harrelson*, 537 B.R. 16, 27 (M.D. Ala. 2015); *In re Kohlenberg*, 2012 Bankr. LEXIS 3822, 2012 WL 3292854 (N.D. Ohio Aug. 10, 2012).

does not prohibit this Court from entering a final order here.[16] Alternatively, this Court has constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[17] None of these parties has ever objected to this Court's constitutional authority to enter a final order or judgment. These circumstances unquestionably constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

### III. ANALYSIS

### A. Whether Foreman is a bankruptcy petition preparer under § 110

Sections 110(b)-(l) were enacted to protect consumers from abuses by non-lawyer petition preparers.[18] Congress added § 110 to the Bankruptcy Code in 1994 in response to abuses by non-attorneys selling their "assistance services" to unwary debtors.[19] "Bankruptcy petition preparer" is defined in § 110 of the Bankruptcy Code as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" by the debtor in connection with his bankruptcy case.[20] "Document for filing" is defined as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under [Title 11]."[21]

Section 110 "proscribes virtually all conduct falling into the category of guidance or advice effectively restricting 'petition preparers' to rendering only scrivening/typing services."[22] Anything more, "be it suggesting bankruptcy as an available remedy for a debtor's financial problems, merely explaining how to fill out the schedules, or answering questions about exemptions or whether a claim is or is not secured will invariably contravene either state laws proscribing the unauthorized practice of law or other more specific provisions of § 110."[23]

---

[16] See, e.g., *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).
[17] *Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S.655, 135 S. Ct. 1932, 1947, 191 L.Ed.2d 911 (2015) ("*Sharif* contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").
[18] *See generally In re Murray*, 194 B.R. 651 (Bankr. D. Ariz. 1996); *In re Gavin*, 181 B.R. 814 (Bankr. E.D. Pa. 1995).
[19] *In re Rodriguez*, 2007 U.S. Dist. LEXIS 11858, 2007 WL 593582 *2 n.1 (W.D. Tex. 2007).
[20] 11 U.S.C. § 110(a)(1).
[21] 11 U.S.C. § 110(a)(2).
[22] *In re Martinez*, 72 Fed. Appx. 138, 2003 WL 21849832, at *3 (5th Cir. 2003) (citing *In re Guttierez*, 248 B.R. 287, 297-98 (Bankr. W.D. Tex. 2000).
[23] *Id.*

As a preliminary matter, the Court must first analyze whether Foreman served as a bankruptcy petition preparer for each of the eight debtors. If Foreman served as a bankruptcy petition preparer, the Court would then analyze any specific violations of § 110 for each debtor.

### 1. Derek Hunt, Gregory Goudeau, Christopher Gonzalez, Victor Brown, Zachary Cruse, Manuel Rodriguez, and Jesse Shaw.

As discussed, § 110(a)(1) of the Code defines "bankruptcy petition preparer" as, "…a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing…"[24]

Here, it was uncontroverted that Foreman prepared a document for filing for each of the Debtors.[25] However, at the Final Show Cause Hearing the Court received testimony from Foreman that he did not receive any compensation from Derek Hunt, Gregory Goudeau, Christopher Gonzalez, Victor Brown, Zachary Cruse, Manuel Rodriguez, or Jesse Shaw with respect to the bankruptcy petitions he prepared and delivered to the clerks office on their behalf.[26]

With the exception of Narcisse, none of the other Debtors appeared at the Final Show Cause Hearing and the Court received no other evidence with respect to what compensation, if any, was paid to Foreman in connection with these cases. As such, because receipt of compensation is an element required to be a bankruptcy petition preparer, the Court finds that Foreman is not a bankruptcy petition preparer as defined in § 110(a)(1) with respect to petitions Foreman prepared on behalf of Derek Hunt in case no. 22-33590, Gregory Goudeau in case no. 22-33893, Christopher Gonzalez in case no. 22-33897, Victor Brown in case no. 23-30409, Zachary Cruse in case no. 23-30411, Manuel Rodriguez in case no. 23-30760, or Jesse Shaw in case no. 23-31617.

### 2. Norman Narcisse

At the Initial and Final Show Cause Hearings, Foreman conceded that he prepared and filed the bankruptcy petition for Norman Narcisse in case no. 22-33899.[27] Foreman also conceded that in exchange for his assistance preparing and filing Narcisse's bankruptcy petition, he received $1,000 from Narcisse.[28] Thus, this Court concludes that Foreman is a bankruptcy petition preparer as defined in § 110(a)(1) with respect to the petition filed for Narcisse in case no. 22-33899.[29]

### B. Foreman's violations of § 110

Section 110 imposes numerous restrictions on the activities of bankruptcy petition preparers and authorizes the imposition of sanctions for specific violations of the statute.[30] As

---

[24] 11 U.S.C. § 110(a)(1).
[25] August 21, 2023, Courtroom Minutes.
[26] *Id.*
[27] Bankr. Case No. 22-33899 June 12, 2023, Courtroom Minutes (Foreman testimony); August 21, 2023, Courtroom Minutes (Foreman testimony). *See also* Bankr. Case No. 22-33899 at ECF No. 38.
[28] August 21, 2023, Courtroom Minutes (Foreman Testimony).
[29] 11 U.S.C. § 110(a)(1).
[30] 11 U.S.C. § 110.

detailed below, Foreman has violated 11 U.S.C. § 110(b), (c), (e) and (h). The Court will discuss each in turn.

1. **11 U.S.C. § 110(b)**

    In relevant part, § 110(b) provides that:

    (1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to –
    
    (A) sign the document for filing
    (B) print on the document the name and address of that officer, principal, responsible person or partner.

    (2)(A) Before preparing any document for filing or accepting any fees from or on behalf of a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure….

    As discussed above, this Court has already found that Foreman served as a bankruptcy petition preparer for Narcisse. Despite being a bankruptcy petition preparer, Foreman failed to sign Narcisse's bankruptcy petition.[31] Furthermore, Foreman also failed to print his name and address on any of the petitions.[32] Thus, Foreman violated § 110(b)(1) with respect to Narcisse's bankruptcy petition.[33]

    Additionally, Foreman provided no evidence that before preparing the petition or accepting fees, he provided Narcisse with written notice on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure. Thus, the Court finds that Foreman also violated § 110(b)(2).

2. **11 U.S.C. § 110(c)**

    In relevant part, § 110(c) provides that:

    (1) a bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.

---

[31] Bankr. Case No. 22-33899 at ECF No. 1.
[32] *Id.*
[33] *Id.*

On Narcisse's bankruptcy petition Foreman failed to include an identifying number that identifies individuals who prepared the document.[34] Thus, Foreman violated § 110(c)(1).

3. **11 U.S.C. § 110(e)**

In relevant part, § 110(e) provides that:

> (2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).
>   (B) The legal advice referred to in Subparagraph (A) includes advising the debtor –
>     (i) whether –
>       (I) to file a petition under this title; or
>       (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
>     (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title
>     (vii) concerning bankruptcy procedures and rights.

The Court first notes that Foreman was exceptionally combative and non-responsive to the Court's questioning at the Initial Show Cause Hearing. However, Foreman did provide testimony, when questioned, that (1) he met Narcisse to fill out the bankruptcy petition, that (2) Foreman was the one who printed out and brought the petition and schedules to Narcisse, (3) that Narcisse did not request that Foreman bring the petition or schedules, and that (4) Foreman was the one who filed the petition with the clerk's office.[35] The Court considers these actions to constitute providing legal advice to Narcisse that he file a petition under this title in contravention of § 110(e)(2)(B)(i)(I).

Furthermore, notwithstanding the extremely combative and non-responsive nature of Foreman's responses to questions from this Court, it was evident that he advised Narcisse to file bankruptcy in order to protect his home from an impending foreclosure.[36] This conduct is expressly prohibited by § 110(e)(2)(B)(iii).[37]

Thus, the Court finds that Foreman improperly offered Narcisse legal advice in violation of § 110(e)(2)(A).

4. **11 U.S.C. § 110(h)**

In relevant part, § 110(h) provides that:

> (2) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any

---

[34] *Id.*
[35] Bankr. Case No. 22-33899 June 12, 2023, Courtroom Minutes (Foreman Testimony).
[36] *Id.*
[37] 11 U.S.C. § 110(e)(2)(B)(iii).

unpaid fee charged to the debtor. If rules or guidelines setting a maximum fee for services have been promulgated or prescribed under paragraph (1), the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under paragraph (1).

Foreman received a fee of $1,000.00 from Narcisse in exchange for his counsel in filing the chapter 7 petition.[38] Despite receiving this fee, Foreman failed to file a declaration disclosing receipt of this fee in connection with Narcisse's chapter 7 petition.[39] As such, Foreman violated § 110(h)(2).

As detailed above, this Court has determined that Foreman violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2) with respect to Narcisse. The Court will next analyze appropriate sanctions as a result of these violations.

### C. Sanctions of Foreman for violations of § 110

#### 1. 11 U.S.C. § 110(j)

The bankruptcy court may enjoin a preparer from engaging in specific conduct or may completely enjoin it from acting as a bankruptcy petition preparer.[40] If the court finds that the bankruptcy petition preparer (i) violated section 110 or any other provision of the Bankruptcy Code, (ii) misrepresented its experience or education, or (iii) "engaged in any other fraudulent, unfair, or deceptive conduct," the court may enjoin it from engaging in such conduct.[41] In this case, the Court has determined that Foreman violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2). Thus, the Court finds it appropriate to enjoin Foreman from committing any further violations as detailed in this Court's order *infra* for a period of one year. After the expiration of one year from the date of this order, Mr. Foreman may seek leave from any of the Bankruptcy Courts within the Southern District of Texas to act as a bankruptcy petition preparer by filing a motion and requesting such relief and demonstrating that he has remedied all of the violations set forth in this Court's Memorandum Opinion and Order.

#### 2. 11 U.S.C. § 110(h)(3)(B)

Section 110(h)(3)(B) provides that "[a]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection [(h)] or subsection (b), (c), (d), (e), (f), or (g)."[42] Here, the Court has determined that

---

[38] August 23, 2023, Courtroom Minutes (Foreman testimony).
[39] Bankr. Case No. 22-33899 at ECF No. 1.
[40] 11 U.S.C. § 110(j)(2)(A), (B); *In re Abel*, Nos. 19-10010, 19-01003, 2019 Bankr. LEXIS 3129, at *24 (Bankr. D. Vt. 2019).
[41] 11 U.S.C. § 110(j)(2)(A).
[42] *See* 11 U.S.C. § 110(h)(3)(B); *Harrington v. Maali (In re Ortega)*, 629 B.R. 529, 536 (B.A.P. 1st Cir. 2021); *In re Cash*, No. 12-30424-SGJ-13, 2013 Bankr. LEXIS 1074, at *27 (Bankr. N.D. Tex. 2013) ("[A]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with section 110(b), (c), (d), (e), (f), (g) or (h)."); *McDow v. Skinner (In re Jay)*, 446 B.R. 227, 254 (Bankr. E.D. Va. 2010).

Foreman violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2). Furthermore, Foreman charged Narcisse $1,000.000 for the services resulting in these violations.[43]

However, this Court received testimony from Foreman and Narcisse at the Final Show Cause Hearing that Foreman has since voluntarily disgorged and repaid Narcisse the $1,000.00 fee paid in connection with preparation of his bankruptcy petition.[44] As such, an order of disgorgement is unnecessary.

### 3. 11 U.S.C. § 110(l)

Section 110(l)(1) states, "[a] bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure."[45] Here, the Court has previously determined that Foreman violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2) with respect to Narcisse. Given that Foreman failed to disclose his involvement and recklessly guided numerous individuals into bankruptcy without knowledge of the implications, the Court finds that it is appropriate to impose a fine of $500.00 for each violation, resulting in a total of $2,500.00.

Section 110(l)(2) further provides, "[t]he Court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court find that a bankruptcy petition preparer ... prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer."[46] Here, Foreman did not disclose his identity on Narcisse's bankruptcy petition.[47] Thus, the Court shall triple the $2,500.00 fine for a total fine of $7,500.00.

Accordingly, for all of the reasons stated *supra*, it is therefore:

**ORDERED**: that

1. Pursuant to 11 U.S.C. § 110(j), within the Southern District of Texas Bankruptcy Courts, Chase Foreman is restrained from engaging in the following acts or practices:

    a. giving, providing, or offering advice and counsel to any person regarding their eligibility to file bankruptcy or the consequences to them of filing a bankruptcy case under Title 11 of the United States Code.

---

[43] August 23, 2023, Courtroom Minutes (Foreman testimony).
[44] *Id.*
[45] 11 U.S.C. § 110(l)(1); *Hills v. McDermott (In re Wicker)*, 702 F.3d 874, 877 (6th Cir. 2012) ("Under § 110(l)(1), the bankruptcy court may order a bankruptcy petition preparer who does not comply with § 110(b) through (h) to pay a $500 fine for each violation."); *In re Torres*, No. 14-50122, 2015 Bankr. LEXIS 221, at *39 (Bankr. S.D. Tex. 2015) ("[T]he Court may impose a fine against a petition preparer that fails to comply with any provision of 11 U.S.C. §§ 110(b), (c), (d), (e), (f), (g) or (h).").
[46] 11 U.S.C. § 110(l)(2)(D); *see In re Bennett*, No. 18-10346, 2019 Bankr. LEXIS 3037, at *16 (Bankr. D. Vt. 2019) (finding that fines must be tripled under 11 U.S.C. § 110(l)(2) where bankruptcy petition preparer failed to disclose involvement).
[47] Bankr. Case No. 22-33899 at ECF No. 1.

   b. encouraging, counseling, advising, or assisting any person with filing a bankruptcy case under Title 11 of the United States Code.

   c. from engaging in the unauthorized practice of law, as defined in §§ 81.101 and 81.102 Tex. Govt. Code Ann.

   d. from operating as a bankruptcy petition preparer as defined in 11 U.S.C. § 110(a).

2. Pursuant to 11 U.S.C. § 110(l), Chase Foreman has violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2) with respect Norman Narcisse. The Court assesses a fine of $500 for each violation for a total of $2,500.00 for such violations. Additionally, and pursuant to 11 U.S.C. §110(l)(2) the Court shall triple such fine for a total fine of $7,500.00.

   a. The fine of $7,500.00 must be paid by Chase Foreman in good and sufficient funds to the United States Trustee not later than September 29, 2023. A certified check must be mailed to the United States Trustee Payment Center, 615 E. Houston Street, Suite 533, San Antonio, TX 78205.

3. No later than October 2, 2023, Chase Foreman must file a certificate of compliance with respect to Paragraph 2 of this order with the Clerk of Court.

4. After a period of one year from the date of this Order, Chase Foreman may seek leave from this Court to operate as a bankruptcy petition preparer if he can demonstrate that he has remedied all of the violations set forth in this Court's Memorandum Opinion and Order.

5. Failure to comply with the terms of this Order may result in a finding by the Court that Chase Foreman is in civil contempt, which finding could result in assessment of fines and/or penalties, sanctions, or further injunctive relief.

SIGNED August 23, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge